In my opinion the scope of inquiry upon a citation for contempt charging violation of an injunctive decree should be limited to three questions:
Was the decree entered by a Court having jurisdiction?
What was the decree entered?
Has that decree been violated?
Clearly, the Circuit Court of Dade County has jurisdiction of the subject matter and the parties to the decree entered in this case.
The language of that decree can hardly be misunderstood. The city of Miami Beach was enjoined "from going upon said Ocean Front Strip, or any portion of said Ocean Front Strip, herein above described, or urging others to do so, and from asserting or claiming as against The Miami Beach Improvement Company, its successors, assigns or grantees, including the other defendants herein, that said Ocean Front Strip or any portion thereof or any interest therein belongs to the City of Miami Beach or to the public, or in any way molesting or interfering with the defendant, The Miami Beach Improvement Company, its successors, assigns or grantees, including the other defendants herein above named, claiming under and by mesne conveyances from The Miami Beach Improvement Company, in any manner whatsoever in the full use, possession and enjoyment as owners in fee simple of said Ocean Front Strip or portions thereof, described in plaintiff's bill herein, exclusive of any right or claim of said City or the public therein or thereto."
The "Ocean Front Strip" is clearly defined in the decree.
The action of the City of Miami Beach in adopting the resolution, copy of which is attached to the rule issued by the Circuit Court was clearly the "assertion" of an interest either in the city or in the public in that portion of the Ocean Front Strip here involved.
The Conclusion would seem inevitable that the City is in contempt of the Decree of Injunction. Any matter of good faith or other mitigating circumstances should be addressed to the Circuit Court in considering the question of punishment.
We should not, on this appeal consider any question of the relative priority or superiority of decrees entered at different times by different Courts. So long as the decree in this case remains in full force and effect it should be obeyed. For a decree erroneously entered, or broader than *Page 893 
it should have been, the law provides adequate sources of relief if properly and timely pursued. Disobedience to the order of the Court followed by an attack upon the order when citation for contempt is served, is not such a remedy.